AF Approval <u>JH</u>                    Chief Approval <u>MPF</u>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO. 6:24-cr-100-CEM-DCI

ERNESTO VAZQUEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, ERNESTO VAZQUEZ, and the attorney for the defendant, Michelle Yard, mutually agree as follows:

**A.**    **Particularized Terms**

   1.    <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the Superseding Indictment. Count One charges the defendant with Conspiracy to Traffic Firearms in violation of 18 U.S.C. § 933(a)(3).

   2.    <u>Maximum Penalties</u>

Count One carries a maximum sentence of 15 years imprisonment, a fine of $250,000, a term of supervised release of three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect

Defendant's Initials _____

to other offenses, the Court may order the defendant to make restitution to

any victim of the offense(s), or to the community, as set forth below.

    3.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant

is pleading guilty. The elements of Count One are:

<u>First</u>:    two or more persons in some way agreed to try to accomplish a shared and unlawful plan to traffic firearms, that is, to knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony; and

<u>Second</u>:    the Defendant knew the unlawful purpose of the plan and willfully joined in it.

    4.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the

defendant, Counts Two and Three, will be dismissed pursuant to Fed. R.

Crim. P. 11(c)(1)(A).

    5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.     Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____          3

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 924(d), 934(a)(1), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following firearms seized on November 3, 2023, which were involved in the conspiracy charged in Count One:

a.  Glock; Model 17; 9mm caliber pistol with S/N: ACBL962

b.  Glock; Model 17; 9mm caliber pistol with S/N: XMX456

c.  Glock; Model 17; 9mm caliber pistol with S/N: BEAN634

d.  Glock; Model 17; 9mm caliber pistol with S/N: BERK636

e.  Glock; Model 17; 9mm caliber pistol with S/N: BGYN101

f.  Glock; Model 17; 9mm caliber pistol with S/N: BHAU093

g.  Glock; Model 17; 9mm caliber pistol with S/N: BHBK658

h.  Glock; Model 17; 9mm caliber pistol with S/N: XMU770

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _____    5

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete

Defendant's Initials _____      6

information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant

Defendant's Initials _____                    7

up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _____       8

9.    Abandonment of Property - Firearms

The defendant acknowledges that he may have an ownership interest in the following items of property: all Glock 9mm caliber pistols, and Glock .40 caliber pistols, purchased by Derick Yamir Perez Diaz at the direction of the defendant.

The defendant understands that if any of the above listed firearms come into the custody of the United States, the defendant would, but for this agreement, have the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order,

or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such

Defendant's Initials _____    10

counts are dismissed pursuant to this agreement. The defendant further
understands that compliance with any restitution payment plan imposed by
the Court in no way precludes the United States from simultaneously pursuing
other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the
Mandatory Victims Restitution Act, in order to ensure that the defendant's
restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall
impose a special assessment pursuant to 18 U.S.C. § 3013. The special
assessment is due on the date of sentencing. The defendant understands that
this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is
pleading provide(s) for imposition of a term of supervised release upon release
from imprisonment, and that, if the defendant should violate the conditions of
release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction,
a defendant who is not a United States citizen may be removed from the

Defendant's Initials _CBF_                11

United States, denied citizenship, and denied admission to the United States
in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court
and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant
factual information, including the totality of the defendant's criminal activities,
if any, not limited to the count(s) to which defendant pleads, to respond to
comments made by the defendant or defendant's counsel, and to correct any
misstatements or inaccuracies.  The United States further reserves its right to
make any recommendations it deems appropriate regarding the disposition of
this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),
the defendant agrees to complete and submit to the United States Attorney's
Office within 30 days of execution of this agreement an affidavit reflecting the
defendant's financial condition.  The defendant promises that his financial
statement and disclosures will be complete, accurate and truthful and will
include all assets in which he has any interest or over which the defendant
exercises control, directly or indirectly, including those held by a spouse,

dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will
be determined solely by the Court, with the assistance of the United States
Probation Office. Defendant further understands and acknowledges that any
discussions between defendant or defendant's attorney and the attorney or
other agents for the government regarding any recommendations by the
government are not binding on the Court and that, should any
recommendations be rejected, defendant will not be permitted to withdraw
defendant's plea pursuant to this plea agreement. The government expressly
reserves the right to support and defend any decision that the Court may make
with regard to the defendant's sentence, whether or not such decision is
consistent with the government's recommendations contained herein.

     7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to
impose any sentence up to the statutory maximum and expressly waives the
right to appeal defendant's sentence on any ground, including the ground that
the Court erred in determining the applicable guidelines range pursuant to the
United States Sentencing Guidelines, except (a) the ground that the sentence
exceeds the defendant's applicable guidelines range <u>as determined by the
Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground
that the sentence exceeds the statutory maximum penalty; or (c) the ground

Defendant's Initials _____       14

that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials _____    15

than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _____    16

felonies, may thereby be deprived of certain rights, such as the right to vote, to

hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The

defendant certifies that defendant does hereby admit that the facts set forth in

the attached "Factual Basis," which is incorporated herein by reference, are

true, and were this case to go to trial, the United States would be able to prove

those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been

made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that

defendant fully understands its terms.

DATED this __23rd__ day of November, 2024

ROGER B. HANDBERG
United States Attorney

_____          _____
ERNESTO VAZQUEZ                          Noah P. Dorman
Defendant                                Assistant United States Attorney


_____          _____
Michelle Yard                            Michael P. Felicetta
Attorney for Defendant                   Assistant United States Attorney
                                         Chief, Orlando Division

Defendant's Initials _____          18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 6:24-cr-100-CEM-DCI

ERNESTO VAZQUEZ

## PERSONALIZATION OF ELEMENTS

Beginning in or about October 2023, and continuing through in or about December 2023, in the Middle District of Florida,

First:      Did two or more persons in some way agree to try to accomplish a shared and unlawful plan to traffic firearms?

Did you knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce?

Did you know and have reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit: Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(l)(A) and Smuggling Goods from the United States, in violation of 18 U.S.C. § 554?

Second:     Did you know of the unlawful purpose of the plan and willfully join in it?

Defendant's Initials _CASE_            19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-100-CEM-DCI

ERNESTO VAZQUEZ

FACTUAL BASIS

Beginning at a time unknown but no later than June 2023, and
continuing through in or about December 2023, ERNESTO VAZQUEZ
conspired with MATTHEW L. STEPHEN EASTON, DERICK YAMIR
PEREZ DIAZ, and others to traffic firearms in the Middle District of Florida
and elsewhere.  Operating at the direction of VAZQUEZ, PEREZ DIAZ
purchased over 100 firearms, including Glock pistols and machine gun
conversion devices ("MCDs") to be immediately transferred to VAZQUEZ in
furtherance of the conspiracy.  Operating at the direction of VAZQUEZ,
PEREZ DIAZ procured firearms from federally licensed firearms dealers such
as EASTON, Chinese manufacturers, and others using funds provided by
VAZQUEZ.

Between June 2023 and December 2023, VAZQUEZ coordinated the
purchase over 100 firearms and MCDs from PEREZ DIAZ and others, to be
delivered to INDIVIDUAL-1.  At all relevant times, VAZQUEZ knew and

Defendant's Initials _____        20

had reasonable cause to believe that INDIVIDUAL-1 would use, carry, or

possess those firearms in furtherance of felonies, including Dealing in

Firearms Without a License, in violation of 18 U.S.C. § 922(a)(l)(A) and

Smuggling Goods from the United States, in violation of 18 U.S.C. § 554.

Operating at the direction of VAZQUEZ, PEREZ-DIAZ would order

large quantities of firearms from EASTON and others. After EASTON

confirmed the order, and using funds obtained from VAZQUEZ, PEREZ-

DIAZ would meet with EASTON and purchase the firearms. After

purchasing the firearms from EASTON, PEREZ-DIAZ would deliver the

firearms to VAZQUEZ. For example:

**October 30, 2023 Transaction**

On October 30, 2023, at PEREZ-DIAZ contacted VAZQUEZ informing

him that EASTON had a total of 12 Glock 17s for sale. VAZQUEZ

responded that he will "grab all of them" and they agree on a price of $6600.

| (10/30/2023 09:27:00) | PEREZ-DIAZ | Bro my guy has another 11-17s gen 4 |
| (10/30/2023 09:27:07) | PEREZ-DIAZ | 1-17 gen5 |
| (10/30/2023 09:27:17) | Ernesto Vasquez | I'll grab all of them |
| (10/30/2023 09:28:46) | Ernesto Vasquez | 6,600? |
| (10/30/2023 09:29:11) | PEREZ-DIAZ | The gen 5 is 675 |
| (10/30/2023 09:29:28) | Ernesto Vasquez | That's fine bro |

PEREZ DIAZ then confirmed the purchase with EASTON and

PEREZ DIAZ informed EASTON that he is not purchasing the firearms for

himself and that he "needs to call his guy to double check with him." PEREZ

Defendant's Initials _____    21

DIAZ further indicates that he is not paying for the firearms with his own

funds and states "he's bringing me the rest of the cash[.]"

| 10/30/2023 | 9:28:18 | (689) 226-6716 | YAMIR PEREZ DIAZ | I'll take them all 17s |
|---|---|---|---|---|
| 10/30/2023 | 9:28:54 | (689) 226-6716 | YAMIR PEREZ DIAZ | Let me call my guy to double check with him |
| 10/30/2023 | 9:31:46 | (352) 538-6077 | MATTHEW EASTON | kk awesome |
| 10/30/2023 | 9:33:01 | (689) 226-6716 | YAMIR PEREZ DIAZ | Quick question you haven't find any with out signing? |
| 10/30/2023 | 9:39:31 | (352) 538-6077 | MATTHEW EASTON | nah,, its all different brands |
| 10/30/2023 | 9:40:39 | (352) 538-6077 | MATTHEW EASTON | like springfield and stuff, all thr glocks, well most I have to get on paper |
| 10/30/2023 | 10:01:48 | (689) 226-6716 | YAMIR PEREZ DIAZ | Hey men I'm just waiting for my guy to confirm all 12 you think you can hold them for me at least in the next hour or 2 |
| 10/30/2023 | 10:03:14 | (352) 538-6077 | MATTHEW EASTON | def man. will you be able to get cash in advance on these ? |
| 10/30/2023 | 10:03:50 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yea I'm trying to buy them all at once with out getting loan this time |
| 10/30/2023 | 10:11:22 | (352) 538-6077 | MATTHEW EASTON | cool cool. I just dont like it all in the bank lol |
| 10/30/2023 | 10:34:52 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yep he confirmed he's bringing me the rest of the cash |
| 10/30/2023 | 10:35:37 | (352) 538-6077 | MATTHEW EASTON | excellent. pickup today ? |
| 10/30/2023 | 10:55:34 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yes |
| 10/30/2023 | 11:01:23 | (689) 226-6716 | YAMIR PEREZ DIAZ | You think you can meet at the same spot as last time? |
| 10/30/2023 | 11:20:31 | (352) 538-6077 | MATTHEW EASTON | ya thats cool |

At 12:15PM PEREZ DIAZ and EASTON agree to meet at 4410 SR-

326 E, Ocala, Florida 34482 to transfer the firearms.  PEREZ-DIAZ arrives at

3:08PM.

| 10/30/2023 | 12:15:48 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Could you meet at Ocala tho ?? |
|---|---|---|---|---|
| 10/30/2023 | 12:16:35 | (352) 538-6077 | MATTHEW EASTON | 4410 SR-326 E Ocala, FL 34482 United States |
| 10/30/2023 | 12:17:32 | (352) 538-6077 | MATTHEW EASTON | hows that |
| 10/30/2023 | 12:48:26 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 1hour and 23min |
| 10/30/2023 | 12:49:16 | (352) 538-6077 | MATTHEW EASTON | word. u on the way ?? |
| 10/30/2023 | 12:50:10 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 20min from this guy and then I'll start heading over |
| 10/30/2023 | 12:50:15 | (352) 538-6077 | MATTHEW EASTON | kk cool |
| 10/30/2023 | 13:26:47 | (689) 226-6716 | YAMIR PEREZ-DIAZ | On my way |
| 10/30/2023 | 14:33:05 | (352) 538-6077 | MATTHEW EASTON | says 3:02. ill b there |
| 10/30/2023 | 14:39:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Sounds good I'm 30min |
| 10/30/2023 | 15:00:38 | (689) 226-6716 | YAMIR PEREZ-DIAZ | 10mins away |
| 10/30/2023 | 15:01:10 | (352) 538-6077 | MATTHEW EASTON | kk. pullin up |
| 10/30/2023 | 15:08:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | It's the loves correct? |

Defendant's Initials _____

22

Thereafter, PEREZ DIAZ purchased the following firearms from

EASTON:

1. Glock; Model 17; 9mm caliber pistol with S/N: XMU770
2. Glock; Model 17; 9mm caliber pistol with S/N: ACBL962
3. Glock; Model 17; 9mm caliber pistol with S/N: XMX456
4. Glock; Model 1; 9mm caliber pistol with S/N: BUXV817
5. Glock; Model 17; 9mm caliber pistol with S/N: BEAN634
6. Glock; Model 17; 9mm caliber pistol with S/N: BEAX957
7. Glock; Model 17; 9mm caliber pistol with S/N: BERH882
8. Glock; Model 17; 9mm caliber pistol with S/N: BERK636
9. Glock; Model 17; 9mm caliber pistol with S/N: BFZV303
10. Glock; Model 17; 9mm caliber pistol with S/N: BGYN101
11. Glock; Model 17; 9mm caliber pistol with S/N: BHAU093
12. Glock; Model 17; 9mm caliber pistol with S/N: BHBK658

At 5:29PM VAZQUEZ and PEREZ DIAZ met at 25676 Simpson Rd.

Kissimmee, FL 34744 to exchange the firearms:

| | | |
|---|---|---|
| (689) 226-6716 (10/30/2023 15:20:46) | Yamir Perez -Diaz | On my way back |
| (860) 833-5396 (10/30/2023 15:23:23) | Ernesto Vazquez | Perfect |
| (860) 833-5396 (10/30/2023 15:23:30) | Ernesto Vazquez | Lmk when u like 40 away |
| (860) 833-5396 (10/30/2023 16:02:10) | Ernesto Vazquez | How far out u are |
| (689) 226-6716 (10/30/2023 16:03:25) | Yamir Perez-Diaz | I'm 55min bby there's stopper coming down |
| (689) 226-6716 (10/30/2023 16:10:25) | Yamir Perez -Diaz | And my bad thing was that I also stopped to fill up with gas |
| (860) 833-5396 (10/30/2023 16:10:37) | Ernesto Vazquez | You've got a head over |
| (689) 226-6716 (10/30/2023 16:11:02) | Yamir Perez-Diaz | Give it my King |
| (689) 226-6716 (10/30/2023 16:36:10) | Yamir Perez -Diaz | |
| (860) 833-5396 (10/30/2023 16:41:18) | Ernesto Vazquez | Equal |
| (689) 226-6716 (10/30/2023 16:46:30) | Yamir Perez-Diaz | 28min away |
| (689) 226-6716 (10/30/2023 17:11:21) | Yamir Perez -Diaz | 10min |
| (860) 833-5396 (10/30/2023 17:11:28) | Ernesto Vazquez | Ok |
| (689) 226-6716 (10/30/2023 17:29:33) | Yamir Perez -Diaz | Pulling in |
| (860) 833-5396 (10/30/2023 17:29:54) | Ernesto Vazquez | Im parked the same |
| (689) 226-6716 (10/30/2023 17:30:26) | Yamir Perez -Diaz | Bet |

Thereafter, VAZQUEZ delivered the firearms to INDIVIDUAL-1.

**November 12, 2023 Transaction**

On November 12, 2023, from approximately 12:00PM to 5:00PM
VAZQUEZ and PEREZ DIAZ had several brief phone conversations. In the
preceding days VAZQUEZ and PEREZ DIAZ had discussed purchasing 25-40
Glocks from EASTON. Messages suggest that at 5:15PM PEREZ-DIAZ met
with VAZQUEZ at 111 Seabreeze Circle Kissimmee, FL 34743 to pick up funds
for the purchase of the firearms.

| | | | |
|---|---|---|---|
| (689) 226-6716 (11/12/2023 10:26:04) | Deririck Perez Diaz | Native Message | Tell me my king I'm active anything |
| (689) 226-6716 (11/12/2023 13:40:07) | Deririck Perez Diaz | Native Message | I've already confirmed with the corduroy I'm active I'm going to throw you wings again 4 to |
| (689) 226-6716 (11/12/2023 13:40:25) | Deririck Perez Diaz | Native Message | And he told her that apart from those 25 he has |
| (689) 226-6716 (11/12/2023 13:40:32) | Deririck Perez Diaz | Native Message | Me* |
| (860) 833-5396 (11/12/2023 13:40:36) | Ernesto Vazquez | Native Message | what gen are they |
| (689) 226-6716 (11/12/2023 13:41:48) | Deririck Perez Diaz | Native Message | All gen 4 |
| (689) 226-6716 (11/12/2023 13:42:18) | Deririck Perez Diaz | Native Message | For next round they all Gonna be gen5s |
| (860) 833-5396 (11/12/2023 13:42:31) | Ernesto Vazquez | Native Message | Yess I need gen 5 |
| (689) 226-6716 (11/12/2023 13:42:53) | Deririck Perez Diaz | Native Message | That's what I'm telling him |
| (689) 226-6716 (11/12/2023 13:43:08) | Deririck Perez Diaz | Native Message | They all have night sight tho |
| (689) 226-6716 (11/12/2023 13:43:17) | Deririck Perez Diaz | Native Message | That doesn't matter, but just in case |
| (860) 833-5396 (11/12/2023 13:43:53) | Ernesto Vazquez | Native Message | Yeah that doesn't increase value to me idc |
| (689) 226-6716 (11/12/2023 13:48:38) | Deririck Perez Diaz | Native Message | Don't worry, let's go over |
| (689) 226-6716 (11/12/2023 16:06:47) | Deririck Perez Diaz | Native Message | I |
| (689) 226-6716 (11/12/2023 16:06:50) | Deririck Perez Diaz | Native Message | Am I going down? |
| (689) 226-6716 (11/12/2023 16:07:56) | Deririck Perez Diaz | Native Message | Arrived in 1hour |
| (689) 226-6716 (11/12/2023 16:20:24) | Deririck Perez Diaz | Native Message | Flame |
| (689) 226-6716 (11/12/2023 17:06:25) | Deririck Perez Diaz | Native Message | 8min away |
| (860) 833-5396 (11/12/2023 17:06:42) | Ernesto Vazquez | Native Message | Bet |
| (860) 833-5396 (11/12/2023 17:14:21) | Ernesto Vazquez | Native Message | Pull into the driveway when u here |
| (689) 226-6716 (11/12/2023 17:14:45) | Deririck Perez Diaz | Native Message | Bet pulling in |
| (689) 226-6716 (11/12/2023 17:16:05) | Deririck Perez Diaz | Native Message | Here |

Later, VAZQUEZ asks if PEREZ DIAZ can "take the 3625 through cash
app." PEREZ DIAZ agrees and shortly after, confirms receipt of the funds.
Simultaneously, PEREZ DIAZ receives a confirmation message that he has
received $3,625 via Cash App.

Defendant's Initials _____                    24

| (860) 833-5396 (11/12/2023 17:23:22) | Ernesto Vazquez | Native Message | Can u take the 3625 through cash app cause I can send all of that now then |
| (689) 226-6716 (11/12/2023 17:23:55) | Deririck Perez Diaz | Native Message | Yes |
| (689) 226-6716 (11/12/2023 17:24:02) | Deririck Perez Diaz | Native Message | |
| (689) 226-6716 (11/12/2023 17:24:12) | Deririck Perez Diaz | Native Message | $Derickk357 |
| (689) 226-6716 (11/12/2023 17:26:42) | Deririck Perez Diaz | Native Message | Got them |



+18334172274

Cash App: Ernesto sent you $3,625. Open the app for more details.

11/12/2023 5:26:06 PM(UTC-5)

At approximately 4:55PM PEREZ DIAZ texts EASTON that he is about to head to 4410 SR-326 E, Ocala, FL 33482, and confirms an order of 25 Glocks. Notably, PEREZ DIAZ orders 25 "for now" because VAZQUEZ hasn't answered him about additional firearms.

| 11/12/2023 | 16:55:09 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Hey boss I'm about to head over there in a few |
| 11/12/2023 | 16:55:41 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | excellent man. thanks alot. where u heading? |
| 11/12/2023 | 16:55:48 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | 4410 SR-326 E Ocala, FL 34482 United States |
| 11/12/2023 | 16:55:51 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Here? |
| 11/12/2023 | 16:56:27 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | akright cool |
| 11/12/2023 | 17:18:54 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | gotta eta? |
| 11/12/2023 | 17:46:51 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | was it the 25 or the extra 5 aswell |
| 11/12/2023 | 17:47:31 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | The 25 for now cuz he haven't answers me about the extra ones |
| 11/12/2023 | 17:47:40 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | kk |

PEREZ-DIAZ then met with EASTON at 4410 SR-326 Ocala, FL 34482 around 8:00 pm. PEREZ DIAZ purchased the following firearms from EASTON:

1. Glock; Model 17; 9mm caliber pistol with S/N: WZN346
2. Glock; Model 17; 9mm caliber pistol with S/N: BDKR943
3. Glock; Model 17; 9mm caliber pistol with S/N: BDKR983
4. Glock; Model 17; 9mm caliber pistol with S/N: BDKR954
5. Glock; Model 17; 9mm caliber pistol with S/N: BDKR951

Defendant's Initials _____    25

6. Glock; Model 17; 9mm caliber pistol with S/N: BDKR969
7. Glock; Model 17; 9mm caliber pistol with S/N: BDKR966
8. Glock; Model 17; 9mm caliber pistol with S/N: WZN335
9. Glock; Model 17; 9mm caliber pistol with S/N: BCHD442
10. Glock; Model 17; 9mm caliber pistol with S/N: BDKR974
11. Glock; Model 17; 9mm caliber pistol with S/N: WZN341
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK757
13. Glock; Model 17; 9mm caliber pistol with S/N: WZN344
14. Glock; Model 17; 9mm caliber pistol with S/N: BDFW557
15. Glock; Model 17; 9mm caliber pistol with S/N: BDKR937
16. Glock; Model 26; 9mm caliber pistol with S/N: BCLM707
17. Glock; Model 26; 9mm caliber pistol with S/N: BCLM709
18. Glock; Model 26; 9mm caliber pistol with S/N: BCLM711
19. Glock; Model 26; 9mm caliber pistol with S/N: BCLM714
20. Glock; Model 26; 9mm caliber pistol with S/N: BCYB775
21. Glock; Model 26; 9mm caliber pistol with S/N: BCYB777
22. Glock; Model 26; 9mm caliber pistol with S/N: TMR899
23. Glock; Model 26; 9mm caliber pistol with S/N: BCYB774
24. Glock; Model 26; 9mm caliber pistol with S/N: TMR896
25. Glock; Model 26; 9mm caliber pistol with S/N: BCLM713

At approximately 9:30PM PEREZ-DIAZ met with VAZQUEZ at 1471

E Osceola Parkway Kissimmee, FL 34744 transfer the firearms he purchased

from EASTON.

| | | | |
|---|---|---|---|
| (689) 226-6716 (11/12/2023 17:26:42) | Deririck Perez Diaz | Native Message | Got them |
| (860) 833-5396 (11/12/2023 17:30:32) | Ernesto Vazquez | Native Message | Perfect we good |
| (860) 833-5396 (11/12/2023 17:59:06) | Ernesto Vazquez | Native Message | Make sure they not fucked up badly |
| (860) 833-5396 (11/12/2023 17:59:15) | Ernesto Vazquez | Native Message | If they got 2 mags that's perfect |
| (689) 226-6716 (11/12/2023 18:43:46) | Deririck Perez Diaz | Native Message | I'll check them as soon as I get back from one of |
| (860) 833-5396 (11/12/2023 18:43:57) | Ernesto Vazquez | Native Message | How much further are you ? |
| (689) 226-6716 (11/12/2023 18:44:19) | Deririck Perez Diaz | Native Message | Bad thing that I answered you now I was guiding and I stopped to get gas |
| (689) 226-6716 (11/12/2023 18:44:31) | Deririck Perez Diaz | Native Message | I'm 28 from the corduroy there was already |
| (860) 833-5396 (11/12/2023 19:00:38) | Ernesto Vazquez | Native Message | Hopefully ur here by 8 |
| (860) 833-5396 (11/12/2023 19:12:02) | Ernesto Vazquez | Native Message | Lmk when ur on the way back and how much |
| (689) 226-6716 (11/12/2023 19:26:28) | Deririck Perez Diaz | Native Message | I just got here he's 3min away |
| (860) 833-5396 (11/12/2023 19:26:59) | Ernesto Vazquez | Native Message | Dam |
| (860) 833-5396 (11/12/2023 19:27:00) | Ernesto Vazquez | Native Message | Ok |
| (689) 226-6716 (11/12/2023 19:27:25) | Deririck Perez Diaz | Native Message | Im 55min from you |
| (860) 833-5396 (11/12/2023 19:29:46) | Ernesto Vazquez | Native Message | Fuck okay |
| (860) 833-5396 (11/12/2023 19:29:48) | Ernesto Vazquez | Native Message | Dale |
| (689) 226-6716 (11/12/2023 20:08:09) | Deririck Perez Diaz | Native Message | On my way back |
| (860) 833-5396 (11/12/2023 20:12:08) | Ernesto Vazquez | Native Message | Bet |
| (689) 226-6716 (11/12/2023 20:58:00) | Deririck Perez Diaz | Native Message | 18min away |
| (860) 833-5396 (11/12/2023 21:06:13) | Ernesto Vazquez | Native Message | Bet |
| (689) 226-6716 (11/12/2023 21:30:22) | Deririck Perez Diaz | Native Message | Pulling in |

Defendant's Initials _____    26

Thereafter, VAZQUEZ delivered the firearms to INDIVIDUAL-1.

## November 14, 2023 Machine Gun Conversion Device Transaction

On November 4, 2023, PEREZ DIAZ texted VAZQUEZ a photo of a MCD.  VAZQUEZ asks, "how much" and later asks PEREZ DIAZ to sell him that one.



VAZQUEZ later asks PEREZ DIAZ how long the MCDs will take to arrive because his "boys" are "already asking for good amounts."  PEREZ DIAZ responds, "about a week".  VAZQUEZ then orders 10 total for $600.

Defendant's Initials _____    27



Thereafter, PEREZ DIAZ then sends a screenshot confirming the order of the MCDs.



On November 14, 2023, VAZQUEZ asks PEREZ DIAZ "how much
he wants for" his switches. PEREZ DIAZ instructs VAZQUEZ to sell them
for the same price as his and states they will split the profit. VAZQUEZ asks
if PEREZ DIAZ can deliver them to his house by 3, so he can "sell them for
you and min [sic]."



At 12:43, PEREZ DIAZ texts VAZQUEZ that he "got the buttons" and
sends photos of the MCDs.

Defendant's Initials _____    29



VAZQUEZ then asks for PEREZ DIAZ's address and says he will have

his girl pick them up.



PEREZ DIAZ responds with his address and sends a video of a Glock

firearm with an MCD installed.



Defendant's Initials _____     30

At 1:48PM VAZQUEZ texts PEREZ DIAZ that she is five minutes away.  At 1:59PM VAZQUEZ calls PEREZ DIAZ.

At 9:35PM VAZQUEZ sends a video of himself firing a Glock pistol with an MCD installed to PEREZ DIAZ.  In the video, VAZQUEZ's hand tattoo is clearly visible.



At all relevant times, VAZQUEZ knew and had reasonable cause to believe that receipt of the MCD would constitute a felony, to wit, Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).

**November 21, 2023 Transaction**

On November 20, 2023, VAZQUEZ texted PEREZ DIAZ that "he should be good today."  PEREZ DIAZ responds, "it's going to be all 40

glocks?"  VAZQUEZ confirms "all of it" and directs PEREZ DIAZ to "lock it
in."

PEREZ DIAZ then texts EASTON and states he will have the money
for all 40 Glocks at 5PM tomorrow.  Text messages indicate he sent EASTON
a deposit of $2500.

| 11/20/2023 | 20:24:17 | (689) 226-6716 | DERRICK PEREZ DIAZ | I can meet you after 5pm tomorrow if that's okay with you I will have the $$ complete for all 40 |
|---|---|---|---|---|
| 11/20/2023 | 20:25:33 | (689) 226-6716 | DERRICK PEREZ DIAZ | It's been rough lately but we back in motion and I apologize I have you stuck with all those Glocks bro |
| 11/20/2023 | 20:25:57 | (689) 226-6716 | DERRICK PEREZ DIAZ | Call me when you can |
| 11/20/2023 | 20:51:37 | (689) 226-6716 | DERRICK PEREZ DIAZ | Same Zelle? |
| 11/20/2023 | 20:52:36 | (352) 538-6077 | MATTHEW EASTON | ya thats good m8 |

At approximately 4:00PM, PEREZ DIAZ texted EASTON that he was
on the way to pick up the firearms.  PEREZ DIAZ arrives at 5615 SE US
Highway 301 Hawthorne, FL 32640 at approximately 9:49PM.

| 11/21/2023 | 19:44:44 | (352) 538-6077 | MATTHEW EASTON | 5615 SE US Highway 301 Hawthorne, FL 32640 United States |
|---|---|---|---|---|
| 11/21/2023 | 19:45:11 | (352) 538-6077 | MATTHEW EASTON | how bout this one  i gotta go back and get my truck and then get back to hawthorne. i shold be there by the time u get there |
| 11/21/2023 | 19:45:42 | (689) 226-6716 | DERRICK PEREZ DIAZ | 0.059722222 |
| 11/21/2023 | 19:45:43 | (352) 538-6077 | MATTHEW EASTON | gonna take me an hour and a half. my truck in stsrke |
| 11/21/2023 | 19:46:08 | (689) 226-6716 | DERRICK PEREZ DIAZ | Yea we get there at the same time |
| 11/21/2023 | 19:46:18 | (352) 538-6077 | MATTHEW EASTON | heck ya m8. sounds good! |
| 11/21/2023 | 21:26:32 | (352) 538-6077 | MATTHEW EASTON | alright bro. im out infront of mcdonalds here |
| 11/21/2023 | 21:28:55 | (689) 226-6716 | DERRICK PEREZ DIAZ | 20min out I had stopped to get a bathroom break and gas |
| 11/21/2023 | 21:29:01 | (689) 226-6716 | DERRICK PEREZ DIAZ | Almost there boss |
| 11/21/2023 | 21:49:44 | (689) 226-6716 | DERRICK PEREZ DIAZ | 9mm away |
| 11/21/2023 | 21:53:54 | (352) 538-6077 | MATTHEW EASTON | rog |

PEREZ DIAZ purchased the following firearms from EASTON::

1.  Glock; Model 26; 9mm caliber pistol with S/N: BCLM705
2.  Glock; Model 26; 9mm caliber pistol with S/N: BCLM706
3.  Glock; Model 26; 9mm caliber pistol with S/N: BCLM710
4.  Glock; Model 26; 9mm caliber pistol with S/N: BCLM712
5.  Glock; Model 26; 9mm caliber pistol with S/N: BCYB778
6.  Glock; Model 17; 9mm caliber pistol with S/N: BGTT048
7.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR948
8.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR935

Defendant's Initials _____        32

9. Glock; Model 17; 9mm caliber pistol with S/N: BDKR976
10. Glock; Model 17; 9mm caliber pistol with S/N: BCHD449
11. Glock; Model 17; 9mm caliber pistol with S/N: BGMU174
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK750
13. Glock; Model 17; 9mm caliber pistol with S/N: BCHD446
14. Glock; Model 17; 9mm caliber pistol with S/N: WZN340
15. Glock; Model 17; 9mm caliber pistol with S/N: BDFW560
16. Glock; Model 17; 9mm caliber pistol with S/N: BGTT045
17. Glock; Model 17; 9mm caliber pistol with S/N: BDFW566
18. Glock; Model 17; 9mm caliber pistol with S/N: BDKR982
19. Glock; Model 17; 9mm caliber pistol with S/N: BDKR450
20. Glock; Model 17; 9mm caliber pistol with S/N: BDKR949
21. Glock; Model 17; 9mm caliber pistol with S/N: TXR104
22. Glock; Model 17; 9mm caliber pistol with S/N: BFUR244
23. Glock; Model 17; 9mm caliber pistol with S/N: BDKR980
24. Glock; Model 17; 9mm caliber pistol with S/N: BDKR941
25. Glock; Model 17; 9mm caliber pistol with S/N: BDKR938
26. Glock; Model 17; 9mm caliber pistol with S/N: BDKR970
27. Glock; Model 17; 9mm caliber pistol with S/N: RSV617
28. Glock; Model 17; 9mm caliber pistol with S/N: WZN347
29. Glock; Model 17; 9mm caliber pistol with S/N: BDKR953
30. Glock; Model 17; 9mm caliber pistol with S/N: BCHK758
31. Glock; Model 17; 9mm caliber pistol with S/N: PSS595
32. Glock; Model 17; 9mm caliber pistol with S/N: BDFW561
33. Glock; Model 17; 9mm caliber pistol with S/N: WZN343
34. Glock; Model 17; 9mm caliber pistol with S/N: BCHD448
35. Glock; Model 17; 9mm caliber pistol with S/N: BDKR940
36. Glock; Model 17; 9mm caliber pistol with S/N: BDKR977
37. Glock; Model 17; 9mm caliber pistol with S/N: RSV614
38. Glock; Model 17; 9mm caliber pistol with S/N: BDKR942
39. Glock; Model 17; 9mm caliber pistol with S/N: BGTT046
40. Glock; Model 17; 9mm caliber pistol with S/N: BCHD440

At 12:50AM on November 22, 2023, VAZQUEZ calls PEREZ DIAZ.

Shortly after, VAZQUEZ texts PEREZ DIAZ and asks if EASTON put the

firearms "on background check."

Defendant's Initials _AA_                33



Thereafter, VAZQUEZ delivered the firearms to INDIVIDUAL-1.